THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>HENG CHEONG PACIFIC LIMITED (BVI);<br><br>WORLD-WIDE INVESTMENT SERVICES LIMITED (BVI); and<br><br>NEW CENTURY PROPERTIES LIMITED (BVI),<br><br>     Debtors. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WITHDRAW BANKRUPTCY REFERENCE**<br><br>Case No. 2:22-cv-00555-DN<br><br>(Bankr. Nos. 2:21-bk-21115-KRA,<br>     2:21-bk-21131-PH,<br>     2:21-bk-21133-PH)<br><br>District Judge David Nuffer |

This action involves the government's Motion[1] seeking to withdraw the bankruptcy

reference of the objection to its proof of claim in three jointly administered Chapter 7 bankruptcy

cases.[2]

Because the government's Motion is timely and cause exists to withdraw the bankruptcy

reference for the objection to the government's proof of claim, the government's Motion[3] is

GRANTED.

---

[1] United States' Motion to Withdraw the Reference for the Foreign Representatives' Objection to the United States' Proof of Claim ("Motion"), docket no. 2, filed Aug. 31, 2022.

[2] *In re: Heng Cheong Pacific Limited (BVI)*, No. 21-21115 (Bankr. D. Utah) ("HCPL Chapter 7 Case"); *In re: World-Wide Investment Services Limited (BVI)*, No. 21-21131 (Bankr. D. Utah) ("WWIS Chapter 7 Case"); *In re: New Century Properties Limited (BVI)*, No. 21-21133 (Bankr. D. Utah) ("NCPL Chapter 7 Case"). The three Chapter 7 cases are jointly administered with the HCPL Chapter 7 Case as the lead case. Order, ECF No. 24 in HCPL Chapter 7 Case, filed Sept. 27, 2019.

[3] Docket no. 2, filed Aug. 31, 2022.

## Contents

BACKGROUND ................................................................................................................ 2
DISCUSSION .................................................................................................................... 8
    The government's Motion is timely ..................................................................... 8
    Cause exists to withdraw the bankruptcy reference for the Foreign Representatives'
        Objection ........................................................................................................ 9
ORDER ............................................................................................................................ 12

# BACKGROUND

This action follows a long history of the government's efforts to collect over $20 million in tax liabilities from Ronald and Annette Talmage. It also follows a group of foreign investors' multiple efforts to recoup investments from the Talmages and entities owned or controlled by Ronald Talmage (Heng Cheong Pacific Limited ("HCPL"); New Century Properties Limited ("NCPL"); and World-Wide Investment Services Limited ("WWIS")). The parties' disputes center on interests in and priority to proceeds from the sale of two parcels of real property: the "RiverCliff Property" located at 35701 N.E. Chamberlain Rd., Corbett, Oregon 97018; and the "Liberty Property" located at 3482 East 5100 North, Liberty, Utah 84310.

The government has obtained judgments in the District of Oregon[4] (by default) and the District of Utah[5] (after trial on the merits) foreclosing on federal tax liens against the RiverCliff Property[6] and the Liberty Property,[7] which authorized the properties' sale. A trust, on behalf of

---

[4] Judgment, ECF no. 57 in *United States v. RiverCliff Farm, Inc. et al.*, No. 3:16-cv-01248-SI (D. Or.) ("D. Oregon Tax Lien Case"), filed Aug. 15, 2017.

[5] Amended Judgment, ECF no. 339 in *United States v. Talmage et al.*, No. 1:16-cv-00019-DN-JCB (D. Utah) ("D. Utah Tax Lien Case"), filed Dec. 2, 2019.

[6] Notices of Federal Tax Lien against the Talmages were recorded by the Internal Revenue Service in Multnomah County, Oregon on September 17, 2008, November 28, 2008, May 20, 2013, and January 31, 2014, regarding the Talmages 1998-2005 and 2007 taxes. Complaint, ECF no. 1 in D. Oregon Tax Lien Case, filed June 24, 2016.

[7] Notices of Federal Tax Lien against the Talmages were recorded by the Internal Revenue Service in Weber County, Utah on February 6, 2014, October 5, 2015, and October 7, 2015, regarding the Talmages 1998-2005 and 2007 taxes. Findings of Fact, Conclusions of Law, and Order ("FFCL") at 7, ECF no. 324 in D. Utah Tax Lien Case, filed Sept. 19, 2019.

the foreign investors, obtained a $90 million default judgment (after trebling) against Ronald

Talmage and other individuals and entities in Utah state court.[8] The foreign investors' trust has

also had a quiet title action regarding the RiverCliff Property dismissed for failure to state a

claim in the District of Oregon.[9] And the foreign investors' trust was relevant to a quiet title

counterclaim regarding the Liberty Property,[10] which was rejected and dismissed following a

bench trial in the District of Utah.[11] The foreign investors are also the impetus behind Chapter 7

and Chapter 15 bankruptcy cases involving HCPL, NCPL, and WWIS, as well as adversary

proceedings arising within the Chapter 7 bankruptcy cases.[12]

On August 27, 2019 (approximately two months after the conclusion of the District of

Utah bench trial regarding the Liberty Property), a subgroup of the foreign investors initiated

involuntary Chapter 7 bankruptcy proceedings against HCPL, NCPL, and WWIS in the District

of Puerto Rico.[13] Approximately two months later, in October 2019, the same subgroup of

foreign investors initiated insolvency proceedings against HCPL, NCPL, and WWIS in the High

---

[8] Judgment (Defendants Ronald B. Talmage, Annette C. Talmage, and RiverCliff Farm, Inc.), *RBT Victim Recovery Trust v. Talmage et al.*, No. 160907415 (2d Dist., Weber Cty., Utah) ("Foreign Investors' Utah State Court Case"), filed Mar. 13, 2017; Judgment (Defendants New Century Properties Limited, Heng Cheong Pacific Limited, World-Wide Investment Services, WWIS Limited, and Liu Hsiu Chen) in Foreign Investors' Utah State Court Case, filed Apr. 29, 2017.

[9] Judgment, ECF no. 69 in *Wadsworth et al. v. Talmage et al.*, No. 3:16-cv-02082-SI (D. Or.) ("D. Oregon Quite Title Case"), filed Sept. 29, 2017. The case was initiated by John Wadsworth, a longtime friend and business associate of Ronald Talmage, individually and as trustee of the trust formed for the benefit of the foreign investors. Complaint for Quiet Title and Other Relief, ECF no. 1 in D. Oregon Quite Title Case, filed Oct. 28, 2016.

[10] The counterclaim was raised by entities owned and controlled by John Wadsworth. Western Defendants' Answer and Counterclaim and Jury Demand, ECF no. 49 in D. Utah Tax Lien Case, filed Oct. 28, 2016; FFCL in D. Utah Tax Lien Case at 7-15. In the counterclaim, Mr. Wadsworth purported to be the trustee of the trust formed for the benefit of the foreign investors. FFCL in D. Utah Tax Lien Case at 51-58.

[11] FFCL in D. Utah Tax Lien Case at 71-75; Amended Judgment in D. Utah Tax Lien Case at 3-4.

[12] *In re World-Wide Investment Services Limited et al.*, No. 2:21-cv-00473-DN-CMR (D. Utah) ("Consolidated Adversary Proceedings").

[13] Involuntary Petition Against a Non-Individual, ECF no. 1 in HCLP Chapter 7 Case, filed Aug. 27, 2019; Involuntary Petition Against a Non-Individual, ECF no. 1 in WWIS Chapter 7 Case, filed Aug. 27, 2019; Involuntary Petition Against a Non-Individual, ECF no. 1 in NCPL Chapter 7 Case, filed Aug. 27, 2019.

Court of Justice for the British Virgin Islands ("BVI").[14] No appearances were made on behalf of the entities in the BVI cases, and the BVI court placed the entities into liquidation.[15] The BVI court also appointed joint liquidators (the "Foreign Representatives") and authorized them to pursue the entities' assets.[16] The Foreign Representatives, as the BVI court appointed liquidators of the entities, then sought and obtained recognition in the Chapter 7 bankruptcy cases,[17] and conversion of the cases from Chapter 7 to Chapter 15.[18]

Upon recognition and conversion, the Foreign Representatives initiated two adversary proceedings[19] against the government and others to recover the RiverCliff Property and the Liberty Property. The government unsuccessfully sought dismissal of the adversary proceedings.[20] However, the District of Puerto Rico *sua sponte* raised procedural issues with the bankruptcy cases' conversion from Chapter 7 to Chapter 15 and with the propriety of Puerto Rico as the cases' venue.[21] On March 22, 2021, the cases were reconverted back to Chapter 7

---

[14] Order entered Oct. 30, 2019 in *Yamakawa v. World-Wide Investment Services Limited et al.*, No. BVIHCOM2019/0132 (High Court Territory of the Virgin Islands), ECF no. 2-9 in Consolidated Adversary Proceedings, filed Aug. 3, 2021.

[15] *Id*. at 2.

[16] *Id*. at 2-4.

[17] Order, ECF no. 43 in HCPL Chapter 7 Case, filed Dec. 18, 2019.

[18] Order, ECF no. 75 in HCPL Chapter 7 Case, filed Mar. 5, 2020.

[19] Complaint for Declaratory and Other Relief, ECF no. 1 in First RiverCliff Adversary Proceeding, filed Mar. 5, 2020 (also filed at ECF no. 76 in HCPL Chapter 7 Case on Mar. 5, 2020); Complaint for Declaratory and Other Relief, ECF no. 1 in First Liberty Adversary Proceeding, filed Mar. 5, 2020 (also filed at ECF no. 77 in HCPL Chapter 7 Case on Mar. 5, 2020).

[20] Opinion and Order, ECF no. 39 in First RiverCliff Adversary Proceeding, filed Aug. 24, 2020; Opinion and Order, ECF no. 39 in First Liberty Adversary Proceeding, filed Aug. 24, 2020.

[21] Minutes of Proceedings and Order, ECF no. 134 in HCPL Chapter 7 Case, filed Dec. 8, 2020; Order to Show Cause, ECF no. 164 in HCPL Chapter 7 Case, filed Feb. 19, 2021; Minutes of Proceedings and Order, ECF no. 165 in HCPL Chapter 7 Case, filed Feb. 19, 2021.

and were transferred, along with the adversary proceedings, to the District of Utah with recommendation that the bankruptcy references be withdrawn.[22]

Upon the cases' transfer to the District of Utah, the government again sought dismissal of the adversary proceedings.[23] These motions to dismiss remain pending. The Foreign Representatives also filed Chapter 15 cases against HCPL, NCPL, and WWIS in the District of Utah on July 6, 2021.[24] And the Foreign Representatives filed new adversary proceedings (with the Chapter 7 Trustee as a named plaintiff) in the District of Utah on November 12, 2021.[25]

On August 2, 2021, the government filed motions to withdraw bankruptcy references for the original adversary proceedings and the Chapter 15 cases.[26] And on December 3, 2021, the government filed motions to withdraw the bankruptcy references for the newly filed adversary proceedings.[27] The government did not seek withdrawal of the bankruptcy references for the Chapter 7 cases.

---

[22] Minutes of Proceedings and Order, ECF no. 176 in HCPL Chapter 7 Case, filed Mar. 22, 2021.

[23] United States' Motion to Dismiss Adversary Proceedings, ECF no. 81 in First RiverCliff Adversary Proceeding, filed Apr. 8, 2021; United States' Motion to Dismiss Adversary Proceedings, ECF no. 97 in First Liberty Adversary Proceeding, filed Apr. 8, 2021.

[24] Chapter 15 Petition for Recognition of a Foreign Proceeding, ECF no. 1 in HCPL Chapter 15 Case, filed July 6, 2021; Chapter 15 Petition for Recognition of a Foreign Proceeding, ECF no. 1 in NCPL Chapter 15 Case, filed July 6, 2021; Chapter 15 Petition for Recognition of a Foreign Proceeding, ECF no. 1 in WWIS Chapter 15 Case, filed July 6, 2021.

[25] Complaint for Declaratory and Other Relief, ECF no. 1 in Second RiverCliff Adversary Proceeding, filed Nov. 12, 2021 (also filed at ECF no. 264 in HCPL Chapter 7 Case on Nov. 12, 2021); Complaint for Declaratory and Other Relief, ECF no. 1 in Second Liberty Adversary Proceeding, filed Nov. 12, 2021 (also filed at ECF no. 265 in HCPL Chapter 7 Case on Nov. 12, 2021).

[26] United States' Motion to Withdraw the Reference for Adversary Proceedings and Related Chapter 15 Cases, ECF no. 9 in HCPL Chapter 15 Case, ECF no. 7 in NCPL Chapter 15 Case, ECF no. 7 in WWIS Chapter 15 Case, ECF no. 94 in First RiverCliff Adversary Proceeding, ECF no. 116 in First Liberty Adversary Proceeding, filed Aug. 2, 2021.

[27] United States' Motion to Withdraw the Reference of the Adversary Proceedings, ECF no. 3 in Second RiverCliff Adversary Proceeding, ECF no. 3 in Second Liberty Adversary Proceeding, filed Dec. 3, 2021.

On May 26, 2022, the government's motions to withdraw the bankruptcy references for the adversary proceedings were granted.[28] Cause existed for the withdrawal of references because the District Court's overwhelming familiarity and knowledge of the issues presented in the adversary proceedings.[29] This was despite many of the issues being related to core bankruptcy proceedings.[30] However, the motions were denied regarding withdrawal of the bankruptcy references for the Chapter 15 cases.[31] This was because the cases were core bankruptcy proceedings and, unlike the adversary proceedings, the District Court had no specialized knowledge of the facts bearing on recognition of the BVI insolvency case as a foreign main proceeding.[32]

Following the withdrawal of the bankruptcy reference for the adversary proceedings, the government was permitted to amend its answers to include counterclaims against all known individuals and entities asserting interests in the RiverCliff and Liberty Properties.[33] This was in part because no one prior case had involved all parties claiming interest in the properties and the "time ha[d] come to put an end to litigation involving who is entitled to the[] properties and the proceeds of their sale"[34] The Foreign Representative then moved to voluntary dismissal of their

---

[28] Memorandum Decision and Order (1) Granting Motions to Withdraw Bankruptcy References for Adversary Proceedings and (2) Denying Motions to Withdraw Bankruptcy References for Chapter 15 Cases, ECF no. 36 in Consolidated Adversary Proceedings, filed May 26, 2022.

[29] *Id*. at 11-13.

[30] *Id*.

[31] *Id*. at 13-14.

[32] *Id*.

[33] Memorandum Decision and Order Granting Motions to Amend Answers, ECF no. 47 in Consolidated Adversary Proceedings, filed July 22, 2022.

[34] *Id*. at 8.

claims in the adversary proceedings,[35] but subsequently withdrew their motion.[36] A scheduling order was also entered to govern discovery and other deadlines for the adversary proceedings.[37] And a motion to dismiss the government's counterclaims based on the prior litigation involving the RiverCliff and Liberty Properties is currently pending.[38]

Minimal substantive action has occurred in the Chapter 7 bankruptcy cases since the withdrawal of the bankruptcy references for the adversary proceedings. On August 5, 2022, the Foreign Representatives filed an objection to the government's proof of claim ("Foreign Representatives' Objection").[39] The Foreign Representative argued, among other things, that the proof of claim should be disallowed because the government cannot prove that the Debtors are liable for the Talmages' tax liabilities based on the Debtors being alter egos or nominees of the Talmages.[40] The government then filed its Motion seeking withdrawal of the Foreign Representative's Objection on August 29, 2022. And on November 2, 2022, the Bankruptcy Court held a hearing on the Foreign Representatives' Objection.[41]

At the hearing, the Bankruptcy Court continued further proceedings without date to allow the government's Motion to be determined by the District Court.[42] The Bankruptcy Court expressly stated that it made this determination "primarily" because the issues raised by the

---

[35] Foreign Representatives' Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2) ("Voluntary Dismissal Motion"), ECF no. 48 in Consolidated Adversary Proceedings, filed July 26, 2022.

[36] Foreign Representatives' Notice of Withdrawal of Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2) ("Withdrawal of Motion"), ECF no. 80 in Consolidated Adversary Proceedings, filed Nov. 22, 2022.

[37] Scheduling Order, ECF no. 46 in Consolidated Adversary Proceedings, filed July 20, 2022; Order Granting Motion to Amend Scheduling Order, ECF no. 96 in Consolidated Adversary Proceedings, filed Jan. 18, 2023.

[38] Joint Motion to Dismiss, ECF no. 117 in Consolidated Adversary Proceedings, filed Aug. 14, 2023.

[39] Objection to Claim No. 6 of the Department of the Treasury – Internal Revenue Service ("Foreign Representatives' Objection"), ECF no. 318 in HCPL Chapter 7 Case, filed Aug. 5, 2022.

[40] Id. ¶¶ 4-15 at 2-5.

[41] Minute Entry Re: Objection to Claim, filed in HCPL Chapter 7 Case on Nov. 2, 2022.

[42] Id.; Audio File from Nov. 2, 2022 Hearing, ECF no. 333 in HCPL Chapter 7 Case, filed Nov. 3, 2022.

Foreign Representatives are "closely related" to the issues in the adversary proceedings for which the bankruptcy references were withdrawn.[43]

## DISCUSSION

Under 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 . . . shall be referred to the bankruptcy judges for the district."[44] However, the district court retains authority to withdraw a bankruptcy reference "in whole or in part . . . on its own motion or on timely motion of any party, for cause shown."[45] The government seeks such permissive withdrawal of the bankruptcy reference for the Foreign Representatives' Objection, and "bears the burden of showing 'cause.'"[46]

### The government's Motion is timely

"The reason for the timeliness requirement [of a motion to withdraw a bankruptcy reference] is to prevent parties from forum shopping, stalling, . . . otherwise engaging in obstructionist tactics[,]"[47] or "wasting the resources of the [c]ourt and all parties involved."[48] Under DUCivR 83-7.4(c)(1), "a [w]ithdrawal [m]otion seeking to withdraw the reference of a case may be made at any time."[49] "Courts, however, have generally defined [a] timely [withdrawal motion] as [being filed] as soon as possible after the moving party is aware of grounds for withdrawal of reference or as at the first reasonable opportunity after the moving

---

[43] Audio File from Nov. 2, 2022 Hearing.

[44] 28 U.S.C. § 157(a).

[45] 28 U.S.C. § 157(d).

[46] *In re Concept Clubs, Inc.*, 154 B.R. 581, 583 (D. Utah 1993) (citing *Hatzel & Buehler v. Cent. Hudson Gas & Elec.*, 106 B.R. 367, 370 (D. Del. 1989)).

[47] *In re Commercial Fin. Servs., Inc.*, No. 98-05162-R, 98-05166, ADV.PROC. 02-0110-M, 2003 WL 22927208, *3 (Bankr. N.D. Okla. Apr. 25, 2003) (citing *Matter of Lissner Corp.*, 115 B.R. 604, 608-612 (N.D. Ill. 1990); *In re Giorgio*, 50 B.R. 327, 328-329 (D. R.I. 1985); *In re White Motor Corp.*, 42 B.R. 693 (N.D. Ohio 1984)).

[48] *In re C.W. Min. Co.*, No. 2:12-cv-00418-TS, 2012 WL 4882295, *3 (D. Utah Oct. 15, 2012).

[49] DUCivR 83-7.4(c)(1).

party is aware of grounds for withdrawal of reference."[50] And for contested matters the moving party "must file a withdrawal motion simultaneously with their response."[51]

The government filed its Motion 24 days after the filing of the Foreign Representatives' Objection. The Motion was simultaneously filed with the government's response to the Foreign Representatives' Objection.[52] And the Motion's filing was the government's first action in the Chapter 7 cases following the filing of the Foreign Representatives' Objection. Therefore, the government's Motion is timely.

### Cause exists to withdraw the bankruptcy reference for the Foreign Representatives' Objection

In determining whether cause exists for permissive withdrawal of a bankruptcy reference, the following factors are considered: "(1) whether the claim is a core [bankruptcy] proceeding; (2) judicial economy, convenience, and the bankruptcy court's knowledge of the facts; (3) uniformity and efficiency of bankruptcy administration; (4) reduction of forum shopping and confusion; (5) conservation of debtor and creditor resources; and (6) whether the parties have requested a jury trial."[53] Whether the claim is a core bankruptcy proceeding is generally considered the most important factor.[54] And permissive withdrawal of a bankruptcy reference is not favored.[55] Nevertheless, "a permissive withdrawal of the [bankruptcy] reference is within the

---

[50] *In re Commercial Fin. Servs., Inc.*, 2003 WL 22927208, *3 (quoting *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993)).

[51] DUCivR 83-7.4(c)(3)(B).

[52] United States' Response to Foreign Representatives' Objection to Proof of Claim, ECF no. 321 in HCPL Chapter 7 Case, filed Aug. 29, 2022.

[53] *In re Rock Structures Excavating, Inc.*, No. 2:12-cv-00856-TS, 2013 WL 1284969, *2 (D. Utah Mar. 27, 2013) (citing *W. Utah Copper Co. v. Bridge Loan Capital Fund, LP*, No. 2:10-cv-01039-TS, 2011 WL 52511, *1 (D. Utah Jan. 6, 2011)).

[54] *In re Platinum Oil Props., LLC*, No. 09-cv-922 JC/LAM, 2010 WL 11623353, *2 (D. N.M. Apr. 7, 2010).

[55] *In re U.D. Dissolution Crt.*, No. 2:15-cv-00903-TC, 2016 WL 2903224, *2 (D. Utah May 18, 2016).

sound discretion of the [district] court and predicated upon 'cause' shown on a case by case basis."[56]

The Foreign Representatives' Objection is a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(B) because it involves the "allowance or disallowance of claims against the [bankruptcy] estate."[57] Thus, the first factor favors denial of the government's Motion. But this factor is not dispositive of the government's Motion. As the Bankruptcy Court correctly recognized at the November 2, 2022 hearing, the issues involved in the Foreign Representatives' Objection are closely related to the issues in the adversary proceedings for which the bankruptcy references were withdrawn. These issues relate to the Talmages' use and control of the Debtors. Having presided over a lengthy bench trial involving the Liberty Property, which involved in depth consideration of the Talmages' finances including their use and control of the Debtors, the District Court's familiarity and knowledge of the issues is much deeper than the Bankruptcy Court.

This knowledge, and because the bankruptcy references for the adversary proceedings are already withdrawn and consolidation of the cases is sought,[58] overwhelmingly supports granting the government's Motion. Withdrawal of the bankruptcy reference for the Foreign Representatives' Objection will promote judicial economy and convenience by avoiding duplicative discovery and placing the issues under the same governing scheduling order. Withdrawal of the bankruptcy reference will also avoid any potential for inconsistent rulings with the adversary proceedings, which will foster uniformity and efficiency with the Debtors'

---

[56] *In re Am. Cmty. Servs., Inc.*, 86 B.R. 681, 686 (D. Utah 1988).

[57] 28 U.S.C. § 157(b)(2)(B).

[58] United States' Motion to Consolidate Cases, ECF no. 66 in Consolidated Adversary Proceedings, filed Sept. 13, 2022.

Chapter 7 bankruptcy administration. Additionally, having the closely related issues of the Foreign Representatives' Objection and the adversary proceedings decided by the District Court avoids forum shopping,[59] will reduce confusion, and conserves debtor and creditor resources. Therefore, the second, third, fourth, and fifth factors each heavily favor granting the government's Motion.

Finally, the sixth factor (whether a jury trial has been requested) does not materially affect the analysis. The Foreign Representatives' Objection is not subject to a jury trial. And no request for jury trial has been made in the adversary proceedings for which consolidation with this case is sought.

On balance, despite the implication of core bankruptcy proceedings favoring the bankruptcy references, cause exists for withdrawing the references for the Foreign Representatives' Objection. The close relation of the factual and legal issues raised in the Foreign Representatives' Objection and the adversary proceedings for which the bankruptcy references have already been withdrawn cannot be ignored. The District Court's knowledge of these issues, as well as the benefits of having these issues simultaneously by the same court are preeminent. And ultimately, the outcome of the Foreign Representatives' Objection and the adversary proceedings has the potential to impact the final judgments entered in prior litigation. Therefore, the government's Motion[60] is GRANTED.

---

[59] Without finding that the Foreign Representatives have attempted forum shopping among the Bankruptcy Court and District Court, it is noteworthy that the timing of the Foreign Representatives' Objection coincides with the timing of the Foreign Representatives' attempt to voluntarily dismiss their claims in the adversary proceedings. The Foreign Representatives' purported basis for seeking voluntary dismissal of their claims was that "it is no longer in the best interest of their estates to continue incurring the costs of this litigation[.]" Voluntary Dismissal Motion at 4. Nevertheless, approximately 10 days later, the Foreign Representative made the decision to further litigate their disputes with the government by filing their Objection to the government's proof of claim.

[60] Docket no. 2, filed Aug. 31, 2022.

## ORDER

IT IS HEREBY ORDERED that the government's Motions[61] is GRANTED. The bankruptcy reference for the Foreign Representatives' Objection[62] is WITHDRAWN.

Signed September 27, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[61] Docket no. 2, filed Aug. 31, 2022.

[62] ECF no. 318 in *In re: Heng Cheong Pacific Limited (BVI)*, No. 21-21115 (Bankr. D. Utah), filed Aug. 5, 2022.